2008 OK 77

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**John Marion WYLIE, Respondent.**

**SCBD No. 5429.**

Supreme Court of Oklahoma.

Aug. 12, 2008.

Janna Dunagan Hall, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for Complainant.

John Marion Wylie, Norman, OK, pro se.

¶ 1 Respondent, John Marion Wylie, has tendered his resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings. The Bar has filed an application for approval of respondent's resignation. Upon consideration of this matter, we find:

1) On July 7, 2008, Respondent executed his affidavit regarding resignation pending disciplinary proceedings.

2) Respondent's resignation was freely and voluntarily tendered; he was not subject to coercion or duress; and, he was fully aware of the consequences of submitting his resignation. Respondent states that although he is aware that the resignation is subject to the approval of the Oklahoma Supreme Court, he will treat it as effective on the date and time of its execution. Rule 8.1, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2001, Ch. 1, App. 1–A (Supp.2008).

3) Respondent is aware the following grievances have been lodged with the Office of the General Counsel and that investigations are proceeding with regard to these matters:

(A) Grievance filed by Sheila Schick alleges that Respondent was hired in January 2006 to file suit for child support. A paternity test was necessary; however, Respondent delayed making these arrangements for almost five months. Ms. Schick fired Respondent in November 2006. Respondent refunded her $125; however, a dispute remains as to whether additional monies should have been refunded. Respondent failed to respond to this grievance and a subpoena was issued. Thereafter, a response was received on October 22, 2007.

(B) Grievance filed by Brandi Pool alleges that Respondent was hired to bring a contempt action against an individual against whom the Pools had obtained a judgment. They allege Respondent never did anything on their case. Respondent failed to respond to the allegations contained in this grievance.

(C) Grievance filed by Sandy Henry alleges that Respondent was hired in September 2006 to file suit for recovery of a debt. Respondent did not file the suit and the only indication he did any work is what is shown on his billing statements. The statements further reflect that $420 of unused retainer is due Ms. Henry. Respondent has failed to respond to the allegations contained in this grievance.

4) Respondent is aware that, if proven, the alleged conduct in the above-referenced grievances would constitute violations of Rules 1.3 and 5.2, RGDP, and Rules 1.3, 1.4, 1.5, Oklahoma Rules of Professional Conduct, 5 O.S. Supp.2008, Ch. 1, App. 3–A, and his oath as an attorney. Respondent waives any and all right to contest these allegations.

5) Respondent is aware that, pursuant to Rule 8.2, RGDP, either the approval or disapproval of this resignation is within the discretion of the Oklahoma Supreme Court.

6) Respondent has familiarized himself with the provisions of Rule 9.1, RGDP, and agrees to comply with all provisions

of Rule 9.1 within twenty days following the date of his resignation.

7) Respondent acknowledges and agrees that in order to be reinstated to the practice of law, he may do so in full compliance with the conditions and procedures prescribed by Rule 11, RGDP, and may make no application for reinstatement prior to the expiration of five (5) years from the effective date of the Order approving this Resignation Pending Disciplinary Proceedings.

8) Respondent was admitted to membership in the Oklahoma Bar Association on September 25, 1997, and his OBA # is 17247. Respondent states that he is unable to locate his bar card and considers it lost. If he locates it, he will provide it to the Office of the General Counsel immediately.

9) Respondent agrees to reimburse the Bar Association should the Bar pay out any funds to his former clients through the Client Security Fund. Should any funds be paid through the Client Security Fund, Respondent agrees to reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

10) Respondent's name and address are shown by the records maintained by the Oklahoma Bar Association, as follows: Official roster address: 1400 Glen Oaks # 3, Norman, Oklahoma 73071 Address (as reflected in the affidavit): 6400 N.W. Expressway, Apt. 618, Oklahoma City, Oklahoma 73132

11) Respondent acknowledges and agrees that he will cooperate with the Office of the General Counsel in providing his current contact information and identifying any active cases wherein client documents and files need to be returned to the client or forwarded to new counsel and any fees or funds owed to his clients and the amount owed.

12) In his affidavit, Respondent acknowledges the Oklahoma Bar Association incurred costs in the investigation and prosecution of the above-stated matters in the amount of $132. Furthermore, Respondent claims responsibility for payment of these costs to the Oklahoma Bar Association within ninety days from the date he executed the affidavit. However, contrary to Respondent's claim, the Bar Association states in its application that they do not request reimbursement of costs since no costs were incurred.

¶ 2 **IT IS THEREFORE ORDERED** that Complainant's application and Respondent's resignation be approved; that Respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the effective date of this order; that Respondent comply with Rule 9.1, Rules Governing Disciplinary Proceedings; that Respondent reimburse the Client Security Fund of the Oklahoma Bar Association, including interest at the statutory rate, should it pay any funds to his former clients for claims made due to his alleged misconduct; and that Respondent is not responsible for costs incurred by the Oklahoma Bar Association in the amount of $132.

/s/ James E. Edmondson
Vice Chief Justice

WINCHESTER, C.J., EDMONDSON, V.C.J., OPALA, WATT, TAYLOR, COLBERT, REIF, JJ., concur.